```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

AMANDA RODRIGUEZ,

                    Plaintiff,

    -vs-                            **No. 6:15-CV-06113 (MAT)**
                                         **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**I.   Introduction**

    Represented by counsel, Amanda Rodriguez ("plaintiff") brought this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). On March 4, 2016, that decision was reversed and the case remanded solely for the payment and calculation of benefits. Doc. 12. On June 7, 2016, the Social Security Administration ("SSA") issued a Notice of Award stating that plaintiff was entitled to $46,263.00 in past due benefits. Doc. 16-1. Of that past due amount, $11,565.75 was withheld for attorneys' fees. Id.

    Plaintiff's counsel, Mark M. McDonald, Esq., has now moved for attorney's fees pursuant to 42 U.S.C. § 406(b), asking that the Court approve the contingent fee arrangement between plaintiff and his attorney, whereby plaintiff agreed to pay his attorney 25 percent of any past-due benefits payable to her, for legal

services performed in this proceeding. Doc. 16. Plaintiff's counsel requests a fee award of $11,565.75 under Section 406(b), with the understanding that he will refund the fee previously awarded under the Equal Access to Justice Act ("EAJA"), $5,400.00, upon receipt of the award.

The Commissioner filed a response dated July 21, 2016, which states no objections to the instant motion. For the reasons discussed below, the plaintiff's counsel's motion is granted.

**II. Discussion**

Section 406(b) provides in relevant part that

> [w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment . . .

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as '[S]ection 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable[.]'" Ewald v. Commissioner of Social Sec., 2008 WL 4104458,*1 n.1 (E.D.N.Y. Sept. 3, 2008) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 807 n.17 (2002)); see also Gisbrecht, 535 U.S. at 807 ("[Section] 406(b) calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.") (footnote omitted); id. at 808-09. "Within the 25 percent boundary"

established by Congress in § 406(b)(1)(A), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807 (footnote omitted).

The Court begins its reasonableness analysis with the contingency agreement itself, which is unambiguous. The 25 percent fee for services provided by plaintiff's attorney does not exceed the statutory cap; moreover, 25 percent is a standard contingency fee for a Social Security case. Ewald, 2008 WL 4104458, at *2 (citing Gisbrecht, 535 U.S. at 803 (noting that "[c]haracteristically . . ., attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits" (internal quotation marks and citation omitted)). There is no suggestion in the record that the fee agreement was the product of fraud or overreaching. Counsel provided effective representation to plaintiff, securing a reversal of the Commissioner's adverse decision and the immediate award of benefits.

Turning next to the amount of the award requested, counsel asserts that plaintiff's past-due benefits totaled $46,263.00, and that, from this amount, $11,565.75 was withheld for the payment of attorneys' fees. Plaintiff's counsel accordingly requests $11,565.75. Based on his itemization of hours for work performed before the District Court at 32.1 hours, this would result in a *de facto* hourly rate of $360.30. This rate does not represent a

"windfall" to counsel, as the Commissioner concedes. See, e.g., Trupia v. Astrue, 2008 WL 858994, *3-*4 (E.D.N.Y. Mar. 27, 2008) (finding award equivalent to $714.09 per hour not a windfall); Blizzard v. Commissioner of Soc. Sec., 496 F. Supp.2d 320, 323-24 (S.D.N.Y. 2007) (finding award equivalent to $705.00 per hour not a windfall); Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (finding award equivalent to $891.61 per hour not a windfall).

In sum, the Court finds that plaintiff's request is reasonable. The Court directs the Commissioner to remit to plaintiff's counsel the requested $11,565.75 fee award, which award will be offset by the $5,400.00 award of EAJA fees.

**III. Conclusion**

For the foregoing reasons, plaintiff's motion for attorneys' fees is granted. The Commissioner is directed forthwith to remit to plaintiff's counsel $11,565.75. Upon receipt of the fee award, counsel is directed that he refund to plaintiff the sum of $5,400.00, the amount previously awarded as EAJA fees.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**
                                          HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    August 27, 2016
            Rochester, New York.